UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

OCT 3 1 2017    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

**Defendant**
**Jeremy Reeves**

Civil Action No.
17-cv-1077RSL

ME2 PRODUCTIONS, INC.
        VS
ROBERT KARIUKI;
TROY BROWN;
HOMERO DABILLO;
GARY VONERICHSEN;
JOSEPH DELACRUZ;
JOSHUA HANCOCK;
*JEREMY REEVES;
SAHRA ALI; and
PHYLIS KIHUYU;

Answer and
Motion to dismiss

1.   An IP address is not a reliable or legitimate form of identification of a person. The definition of

     an IP address identification or address of a computer is not a person. There has not been any

     proof presented to say such is owned or has been used by Jeremy Reeves. Yet the Plaintiff

     proceeds to an action against an individual without sufficient evidence.

2.   The plaintiff is without a verified infringer and without intent.

3.   Jeremy Reeves reserves the right to raise any affirmative defense in the future.

4.   I respectfully request the court(s) consideration in dismissing all co-defendants.

5.   See case number 16-cv-1273RSM (copy attached) and the Courts dismissal order (copy
     attached) of said case.


Based on the above information, I ask the court(s) to dismiss with prejudice this action against Jeremy
Reeves.


RESPECTFULLY SUBMITTED THIS 31ST DAY OF OCT 2017

Jeremy Reeves
13305 SE 19th street
Vancouver, WA 98683
Jeremyreeves12@yahoo.com
619-748-8686 (cell)
360-949-1016 (home)

31OCT 2017

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* David Lowe

was received by me on *(date)* Oct. 31, 2017.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)* Sarah (Desk Clerk) , who is
designated by law to accept service of process on behalf of *(name of organization)* David Lowe
_____ on *(date)* Oct. 31, 2017 ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: Oct. 31, 2017

_____
*Server's signature*

Agnew, CASSANDRA
*Printed name and title*

13305 SE 19th St. Vancouver WA
*Server's address*         98683

Additional information regarding attempted service, etc:

Sarah stated David Lowe is not present, but that
she can accept papers for him.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., | Case No. C16-1273 RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| DOE 1, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Jose Sosa's unopposed Motion to Dismiss. Dkt. #18. For the reasons discussed herein, Mr. Sosa's motion is GRANTED.

## II.    BACKGROUND

Plaintiff LHF Productions, Inc. ("LHF") filed an Amended Complaint identifying Mr. Sosa as one of several Doe Defendants on November 11, 2016. Dkt. #10 ¶ 19. According to LHF, Mr. Sosa, along with thirteen other named defendants, unlawfully infringed, in violation of 17 U.S.C. §§ 101 *et seq.*, its exclusive copyright to the motion picture *London Has Fallen.* *Id.* ¶ 10. More specifically, LHF contends that Mr. Sosa copied and distributed its film over the Internet through a peer-to-peer network using the BitTorrent protocol. *Id.* ¶¶ 1, 17-30. Mr. Sosa

ORDER GRANTING MOTION TO DISMISS— 1

was named in the Amended Complaint because, given the unique identifier associated with a particular digital copy of *London Has Fallen*, along with the timeframe when the internet protocol ("IP") address associated with Mr. Sosa accessed that unique identifier, LHF alleges Mr. Sosa was part of the same "swarm" of users that reproduced, distributed, displayed, and/or performed its copyrighted work. *Id.* ¶¶ 10, 30-36, 46.   LHF seeks injunctive relief, statutory damages, attorneys' fees and costs, and any further relief deemed proper by the Court. *Id.* at 15.

Mr. Sosa disputes LHF's allegations, and now moves to dismiss the action against him. *See* Dkt. #18.  In support of his motion, Mr. Sosa argues that "[a]n IP address is not a reliable or legitimate form of identification of [a] person." *Id.* at 1.  Mr. Sosa also contends that LHF has not presented any proof that Mr. Sosa either owned or used the IP address LHF now attributes to him, and that LHF "is without a[] verified infringer." *Id.*  Additionally, Mr. Sosa explains that he has complied with LHF's request for voluntary cooperation by reviewing the computers in his home, speaking with his children, and by changing his computer and internet passwords. *Id.*  In essence, Mr. Sosa argues that LHF fails to state a "plausible" ground for relief.

Notably, LHF did not respond to Mr. Sosa's motion.  Pursuant to Local Civil Rule 7(b)(2), the Court may construe a party's failure to file an opposition to a motion "as an admission that the motion has merit."  Consequently, the Court construes LHF's failure to oppose the motion as an admission that Mr. Sosa's motion has merit.

### III.   LEGAL STANDARD

To survive dismissal, complaints "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility can be established if a plaintiff pleads "factual content that allows the court to draw the reasonable

ORDER GRANTING MOTION TO DISMISS— 2

Case 2:16-cv-01273-RSM   Document 29   Filed 12/31/17   Page 5 of 25

1  inference that the defendant is liable for the misconduct alleged." *Id.*  While complaints do not

2  need to provide detailed factual allegations, they must offer "more than labels and conclusions"

3  and contain more than a "formulaic recitation of the elements of a cause of action." *Twombly,*

4  550 U.S. at 555.  If the complaint does not state a cognizable legal theory, or fails to provide

5  sufficient facts to support a claim, dismissal is appropriate. *Robertson v. Dean Witter Reynolds,*

6

7  *Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

8  ## IV.   DISCUSSION

9  LHF fails to adequately allege a copyright infringement claim against Mr. Sosa.  Where

10  plaintiffs claiming violations of the Copyright Act do not provide specific facts linking a named

11  defendant to an alleged infringement, courts have found that claims for copyright infringement

12  are not adequately alleged.  *E.g., Cobbler Nevada, LLC v. Gonzalez*, Case No. 3:15-cv-00866-

13

14  SB, 2016 WL 3392368, at *6 (D. Or. June 8, 2016) (slip copy) (finding that plaintiff did not

15  plead sufficient facts to support Copyright Act claims where specific facts tying defendant to

16  alleged infringement were not alleged); *also Elf-Man, LLC v. Cariveau*, No. C13-0507RSL,

17

18  2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 204) (motion to dismiss granted where plaintiff

19  did not offer facts, aside from allegation that defendant paid for internet access, to support

20  allegation that defendant participated in BitTorrent "swarm").  Here, LHF relies on one fact, that

21  Mr. Sosa was assigned a particular IP address, to assert that Mr. Sosa was personally involved in

22

23  a BitTorrent "swarm."  *See* Dkt. #10 ¶ 19.  However, "the allegation that an IP address is

24  registered to an individual is, alone, insufficient to support a claim that the Internet subscriber is

25  guilty of infringement." *E.g., Dallas Buyers Club, LLC v. Doughty*, Civ. No. 3:15-cv-00176-AC,

26  2016 WL 1690090, at *6 (D. Or. April 27, 2016) (slip copy).

27  LHF has not alleged any facts that link Mr. Sosa to the infringing conduct alleged, and

28

ORDER GRANTING MOTION TO DISMISS— 3

while it is possible that Mr. Sosa participated in the BitTorrent "swarm," it is also possible that someone else with access to Mr. Sosa's IP address is the actual infringer.  As noted by the Ninth Circuit in *In re Century Aluminum Co. Securities Litigation*, parties must allege something more, "such as facts tending to exclude the possibility that [an] alternative explanation is true," when "faced with two possible explanations, only one of which can be true and only one of which results in liability."  729 F.3d 1104, 1108 (9th Cir. 2013).  Because LHF has not plead sufficient facts to support its allegations, its claim against Mr. Sosa warrants dismissal.  Accordingly, Mr. Sosa's Motion to Dismiss is GRANTED.[1]

## V.    CONCLUSION

The Court, having reviewed the relevant pleadings and the remainder of the record, hereby GRANTS Mr. Sosa's Motion to Dismiss (Dkt. #18).

Dated this 23rd day of February 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As part of his Motion to Dismiss, Mr. Sosa appears to request relief from a deadline.  Dkt. #18 at 1.  Because the Court grants Mr. Sosa's motion to dismiss, his request is STRICKEN as moot.

ORDER GRANTING MOTION TO DISMISS— 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., | Civil Action No. 16-cv-1273 |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| DOES 1-15, | |
| Defendants. | JURY TRIAL REQUESTED |

Plaintiff alleges the following causes of action against Defendants:

## I.   INTRODUCTION

1.      Plaintiff brings this action in an effort to stop Defendants and others from copying and distributing to others unauthorized copies of the Plaintiff's copyrighted motion picture through the BitTorrent file sharing protocol. Defendants' infringements allow them and others to unlawfully obtain and distribute unauthorized copyrighted works that the Plaintiff expended significant resources to create. Each time a Defendant unlawfully distributes an unauthorized copy of the Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even a part of an unlawful copy of a motion picture can further the nearly instantaneous worldwide distribution of

COMPLAINT - 1
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

**LOWE GRAHAM JONES** PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

that single copy to an unlimited number of people. Further, Defendants acts of distributing Plaintiff's motion picture support, maintain and further a for-profit exploitation of the works of Plaintiff and others. The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

## II.   JURISDICTION AND VENUE

2.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 et seq.).

3.      This Court has jurisdiction under 17 US.C. § 101 et seq.; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

4.      Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights.

## III.   PARTIES

### A.   PLAINTIFF LHF PRODUCTIONS, INC. AND ITS COPYRIGHT

5.      Plaintiff LHF Productions, Inc. is a developer and producer of the motion picture *London Has Fallen* for theatrical exhibition, home entertainment and other forms of distribution. The motion picture was first published March 4, 2016.

6.      *London Has Fallen* is protected by the Copyright Act in motion picture Registration No. PA 1-982-831, effective March 14, 2016. (Exhibit A)

7.      Under the Copyright Act, Plaintiff is the proprietor of all right, title and interest in *London Has Fallen*, including the exclusive rights to reproduce and distribute to the public as well as the right to sue for past infringement.

COMPLAINT - 2
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

8.      *London Has Fallen* contains wholly original material that is copyrightable subject matter under the laws of the United States. It is an action thriller directed by Babak Najafi and stars Gerald Butler, Morgan Freeman and Aaron Eckhart, among others. It is easily discernible as a professional work as it was created using professional performers, directors, cinematographers, lighting technicians, set designers and editors and with professional-grade cameras, lighting and editing equipment. It has significant value and has been created, produced and lawfully distributed at considerable expense. *London Has Fallen* is currently offered for sale in commerce, playing in theaters and available for rental and/or purchase from Amazon, iTunes and Netflix, among others.

9.      Defendants have notice of Plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

**B.    DEFENDANTS**

10.     Upon information and belief, each Defendant copied and distributed Plaintiff's copyrighted motion picture *London Has Fallen*. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned by an Internet Service Provider ("ISP") and the date and at the time at which the infringing activity of each Defendant was observed, as explained in detail below. Through geolocation, the IP address used by each Defendant has been traced to the Western District of Washington. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and location and permit Plaintiff to amend the complaint to state the same.

11.     In addition, each IP address has also been observed and associated with significant infringing activity and associated with the exchange of other titles on peer-to-peer networks. The volume, titles and persistent observed activity associated with each Defendant's IP address indicates that each Defendant is not a transitory or occasional guest, but is either the primary

COMPLAINT - 3
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

subscriber of the IP address or someone who resides with the subscriber and/or is an authorized user of the IP address. The volume of the activity associated with each Defendant's IP address further indicates that anyone using or observing activity on the IP address would likely be aware of the conduct of Defendant. Also, the volume and titles of the activity associated with each Defendant's IP address indicates that each Defendant is not a child, but an adult, often with mature distinct tastes.

### IV. PEER-TO-PEER NETWORKS AND THE BITTORRENT PROTOCOL

12. Defendants are each a participant in a peer-to-peer ("P2P") network using the BitTorrent protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. To begin an exchange, the initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") connect to the network and connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from users who have already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network can also be a source of download, and thus distributor for that infringing file.

13. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Essentially, because of the nature of the swarm downloads as described above, every infringer is sharing copyrighted material with other infringers.

14. Defendants actions are part of a common design, intention and purpose to hide behind the apparent anonymity provided by the Internet and the BitTorrent technology to

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

download pieces of the copyrighted motion picture in a manner that, but for the investigative technology used by Plaintiff, would be untraceable, leaving the Plaintiff without the ability to enforce its copyright rights. By participating in the "swarm" to download Plaintiff's copyright motion picture, the Defendants agreed with one another to use the Internet and BitTorrent technology to engage in violation of federal statute to accomplish and unlawful objective.

## V. COMPUTER FORENSIC IDENTIFICATION OF BITTORRENT INFRINGEMENT

15. Plaintiff has identified each Defendant by the IP address assigned by the ISP used by each Defendant and the date and at the time at which the infringing activity of each Defendant was observed. This is accomplished using forensic software to collect, identify and record the IP addresses in use by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works.

16. More specifically, forensic software is used to scan peer-to-peer networks for the presence of infringing transactions with respect to a particular audiovisual work. Any digital copy of an audiovisual work may be uniquely identified by a unique, coded, string of characters called a "hash checksum." The hash checksum is a string of alphanumeric characters generated by a mathematical algorithm known as US Secure Hash Algorithm 1 or "SHA-1." This software facilitates the identification of computers that are used to transmit a copy or a part of a copy of a digital media file identified by a particular hash value by their IP address at a particular date and time. To overcome concerns with spoofing or the like, a direct TCP connection is made to each defendant's computer. Additional software using geolocation functionality is then used to confirm the geographical location of the computer used in the infringement. Though an IP address alone does not reveal the name or contact information of the account holder, in this case the Doe Defendant, it does reveal the likely general location of the Defendant. IP addresses are distributed to ISPs by public, nonprofit organizations called Regional Internet Registries. These registries assign blocks of IP addresses to ISPs by geographic region. In the United States, these blocks are assigned and tracked by the American Registry of Internet Numbers. Master tables correlating the

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

IP addresses with local regions are maintained by these organizations in a publicly available and searchable format. An IP address' geographic location can be further narrowed by cross-referencing this information with secondary sources such as data contributed to commercial databases by ISPs.

17.     The end result are evidence logs of infringing transactions and the IP addresses of the users responsible for copying and distributing the audiovisual work, here *London Has Fallen*. The IP addresses, hash value, dates and times, ISP and geolocation contained in Exhibit B correctly reflect the subscribers using the IP addresses and that they were all part of a "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted work.[1]

## VI.     JOINDER

18.     Each Defendant is alleged to have committed violations of 17 U.S.C. § 101 *et. seq.* within the same series of transactions or occurrences (e.g. downloading and distribution of the same copyrighted motion picture owned by Plaintiff) and by using the same means (BitTorrent network). The infringed work was included in one file related to the torrent file; in other words, all of the infringements alleged in this lawsuit arise from the exact same unique copy of Plaintiff's movie as evidenced by the cryptographic hash value. The Defendants are all part of the exact same "swarm." Defendants' acts occurred in the same series of transactions because each Defendant downloaded and/or distributed, or offered to distribute *London Has Fallen* to other infringers on the network, including the Doe Defendants and/or other network users, who in turn downloaded and/or distributed the motion picture. The temporal proximity of the observed acts of each Defendant, together with the known propensity of BitTorrent participants to actively exchange

---

[1] In logs kept in the ordinary course of business, ISPs keep track of the IP addresses assigned to their subscribers. Once provided with an IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the subscriber with more specificity. Only the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate that IP address to a particular subscriber. From time to time, a subscriber of Internet services may be assigned different IP addresses from their ISP. Thus, to correlate a subscriber with an IP address, the ISP also needs to know when the IP address was being used. Unfortunately, many ISPs only retain for a very limited amount of time the information necessary to correlate an IP address to a particular subscriber, making early discovery important.

COMPLAINT - 6
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

files continuously for hours and even days, makes it possible that Defendants either directly exchanged the motion picture with each other, or did so through intermediaries and each shared in the distribution of the motion picture to others. Therefore, Defendants each conspired with other infringers on the BitTorrent network to copy and/or distribute *London Has Fallen*, either in the same transaction or occurrence or a series of transactions or occurrences.

19.     To use BitTorrent, a user intentionally downloads a program that they then install on their computer called a "client." The BitTorrent client is the user's interface during the downloading/uploading process. The client may be free, supported by advertising, offer upgrades or add on services for a fee, or a combination of several options. Users then intentionally visit a "torrent site" or network site to find media or content available for download, often using a standard web browser. A torrent site is often advertising revenue or subscription supported index of media or content being made available by other users on the network and maintains a listing of movies and television programs among other protected content. A user then uses the torrent site to connect with other users and exchange or "share" content though the BitTorrent protocol often with many users at the same time.

20.     Internet piracy, and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many torrent sites work to expand the pool of available titles and speed of downloads through increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this, they reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

21.     A significant element of the BitTorrent economic model is that those who participate and download movies not only share and upload movies with others, but participants are often rewarded through various means based on the volume and availability of content

COMPLAINT - 7
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Case 2:16-cv-01273-RSM Document 1 Filed 08/12/16 Page 8 of 11

participants in turn provide the network. In sum, there is a feedback incentive for participants as they obtain not only the benefit of their pirated copy of a movie, but they obtain other benefits by increasing the availability of pirated content to others. As such there are a growing number of users that participate in peer-to-peer networks and receive personal gain or compensation in that the networks they use reward those who provide large numbers of files for upload to others.

22.     The use of BitTorrent does more than cause harm through the theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise. Each Defendant is a participant in the BitTorrent distribution of pirated files and the substantially similar conduct of each Defendant furthered a model of business that profits from theft of intellectual property including Plaintiff's motion picture.

23.     Accordingly, pursuant to Fed.R.Civ.P. 20(a)(2) each of the Defendants is therefore properly joined at least because: (a) the infringement complained of herein by each of the Defendants was part of a series of transactions involving an identical copy of Plaintiff's copyrighted work; (b) the conduct of each Defendant jointly and collectively supported and advanced an economic business model of profiting from the piracy of Plaintiff's copyrighted work; (c) there are common questions of law and fact; and (c) each Defendant knowingly and actively participated in a conspiracy to perform an illegal act and/or injure Plaintiff through use of the BitTorrent protocol to infringe Plaintiff's copyrighted work.

24.     Permissive joinder in the instant case is to permit a more efficient management of Plaintiff's claims against the several Defendants and to reduce the costs to Plaintiff and Defendants and to reduce the costs and burdens on the Court. Notice is provided, that on being specifically identified and on request from an identified Defendant, Plaintiff agrees to sever any Defendant that claims prejudice in being joined in this matter and to proceed against each such Defendant individually.

COMPLAINT - 8
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## VII.   CAUSE OF ACTION—COPYRIGHT INFRINGEMENT

25.     Plaintiff realleges the substance of the prior paragraphs.

26.     Plaintiff owns the exclusive rights to the commercially released motion picture *London Has Fallen*, which has significant value and has been acquired, produced and created at considerable expense.

27.     At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants to the copyrighted motion picture *London Has Fallen*. The motion picture is the subject of a valid application for and/or Certificate of Copyright Registration.

28.     Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to wrongfully misappropriate, reproduce and distribute to the public, including by making available for distribution to others, *London Has Fallen*. On information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of *London Has Fallen* in digital form either directly with each other. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and at the time at which the infringing activity of each Defendant was observed.

29.     In addition, or in the alternative, Defendants obtained Internet access through an ISP and permitted, facilitated and materially contributed to the extensive use of the Internet through his ISP for infringing Plaintiff's exclusive rights under The Copyright Act by others. Defendants, with knowledge of the infringing conduct, failed to reasonably secure, police and protect the use of his Internet service against use for improper purposes such as piracy, including the downloading and sharing of Plaintiff's motion picture by others. Defendants had the right and ability to supervise and control the activity constituting the infringement.

30.     In doing so, each Defendant has directly, indirectly and/or contributorily violated Plaintiff's exclusive rights of at least reproduction, preparation derivative works and distribution.

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under 17 US.C. § 101 et seq.

31.     *London Has Fallen* contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws. Each of the Defendants' actions with respect to copyright infringement and other acts described herein were made with full knowledge of Plaintiff's ownership of the copyrights in the motion picture.

32.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture made in violation of the Plaintiff's copyrights.

33.     By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is entitled to statutory damages from Defendants pursuant to 17 USC §504, *et seq*. Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result of Defendants' acts of infringement plus any profits of Defendants attributable to the infringements.

34.     The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

35.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to its attorneys' fees and costs pursuant to 17 US.C. § 505.

### VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

A.     Pursuant to 17 U.S.C. §502, an order preliminarily and permanently enjoining each Defendant from directly or indirectly infringing Plaintiff's rights in *London Has Fallen* and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff, including without limitation by using the Internet to reproduce or copy, distribute or otherwise make available for distribution to the

COMPLAINT - 10
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

public Plaintiff's motion pictures, except pursuant to a lawful license or with the express authority of Plaintiff.

B.  Pursuant to 17 U.S.C. § 503, an order that each Defendant destroy all copies of Plaintiff's motion pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

C.  An order that each Defendant file with this Court and serve on Plaintiff, within 30 days of service of this order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the ordered relief.

D.  Pursuant to 17 U.S.C. § 504 or other applicable provision, for actual or statutory damages, at the election of Plaintiff, and a finding of willful infringement.

E.  Pursuant to 17 U.S.C. § 505, for Plaintiff's reasonable attorneys' fees and costs.

F.  For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 12th day of August, 2016.

> s/David A. Lowe, WSBA No. 24,453
> Lowe@LoweGrahamJones.com
> LOWE GRAHAM JONESPLLC
> 701 Fifth Avenue, Suite 4800
> Seattle, WA 98104
> T: 206.381.3300
> F: 206.381.3301
>
> Attorneys for LHF Productions, Inc.

COMPLAINT - 11
Civil Action No. 16-cv-1273
INIP-6-0051P01 CMP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Case 2:17-cv-01677-RSM   Document 80-1   Filed 10/31/17   Page 18 of 25

**EXHIBIT A**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## PA 1-982-831

**Effective Date of Registration:**
March 14, 2016

## Title

| | |
|---|---|
| **Title of Work:** | London Has Fallen |
| **Previous or Alternate Title:** | Olympus Has Fallen Sequel |
| **Nature of Claim:** | original motion picture |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2015 |
| **Date of 1st Publication:** | March 04, 2016 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | LHF Productions, Inc. |
| **Author Created:** | entire film |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | LHF Productions, Inc. |
| | 318 N. Carson St., # 208, Carson City, NV 89701 |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | motion picture screenplay |
| **Previously registered:** | Yes |
| **Previous registration and year:** | PAu 3-789-521, 2014 |
| **Basis of current registration:** | This is a changed version of the work. |
| **New material included in claim:** | cinematographic material including performance, and all audio and visual elements |

## Certification

| | |
|---|---|
| **Name:** | Rick Eyler |

Page 1 of 2

**Date:**   March 04, 2016

**Correspondence:**   Yes

**EXHIBIT B**

| (mm/dd/yy) | File Name | File Hash | Jurisdiction |
|---|---|---|---|
| 14:19:27 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 18:33:09 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 06:24:58 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 00:49:05 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 20:11:54 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 11:15:54 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 21:08:33 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 13:47:52 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 16:56:28 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 20:19:42 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 14:18:50 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 22:46:51 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 07:31:42 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 07:29:59 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |
| 07:11:05 | London.Has.Fallen.2016.720p.WEBRip.x264.AAC-ETRG | SHA1: B92FD05A65F1BB38B24C99EBFB0803BE7F6DA0D4 | WAWD |

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LHF Productions, Inc.

## DEFENDANTS
Does 1-15

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David A. Lowe, Lowe Graham Jones
701 Fifth Avenue, Suite 4800, Seattle, WA 98104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Product Liability   ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice   ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 101 et. seq.

Brief description of cause:
Copyright Infringment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER  16-cv-1273

DATE
08/12/2016

SIGNATURE OF ATTORNEY OF RECORD
s/David A. Lowe

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 2:17-cv-01077-RSM   Document 363   Filed 10/31/16   Page 25 of 25

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION    ☐ APPEAL | COURT NAME AND LOCATION<br>Western District of Washington | |
|---|---|---|
| DOCKET NO.<br>16-cv-1273 | DATE FILED<br>8/12/2016 | |
| PLAINTIFF<br>LHF Productions, Inc. | | DEFENDANT<br>Does 1-15 |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1  PA 1-982-831 | London Has Fallen | LHF Productions, Inc. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order    ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes    ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**
1) Upon initiation of action,
   mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights
3) Upon termination of action,
   mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court          5) Case File Copy