Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Civil Action No. 17-cv-1077RSL |
| Plaintiff, | OPPOSITION TO DEFENDANT REEVES' MOTION TO DISMISS |
| v. | |
| ROBERT KARIUKI; GARY VONERICHSEN; JOSEPH DELACRUZ; JOSHUA HANCOCK; JEREMY REEVES; and PHYLIS KIHUYU, | |
| Defendants. | |

Plaintiff opposes Defendant Jeremy Reeves' (Doe 9) motion to dismiss (Dkt. 30). Plaintiff respectfully request consideration of this response, which is apparently tardy based on the noting date of November 24, 2017 set by the Court. Because of the manner in which Defendant's motion was joined with his answer, the noting date was not indicated as required by LR 7(b)(1) and Court-assigned date was not appreciated by Plaintiff until further review of this case on November 22, 2017, at which time Plaintiff promptly prepared, filed and served its response herein. (Lowe Dec. ¶ 2)

To the extent deemed necessary, Plaintiff respectfully requests relief from the opposition deadline and acceptance of this filing. Defendant cannot claim prejudice to the two-day delay, particularly given that he did not properly note the motion in a separate pleading. Also, Plaintiff is of course amenable to providing Defendant with additional time in which to file any reply.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# I.    BACKGROUND

Plaintiff, a film producer and motion picture copyright holder, filed a copyright infringement action against Doe Defendants alleging infringement of its motion picture entitled *Mechanic: Resurrection* on June 9, 2017. (Dkt. 1) Using so-called "peer-to-peer" ("P2P") or BitTorrent file "swapping" networks, Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the copyrighted motion picture. Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using online pseudonyms ("user names" or "network names"), not their true names. At the time of filing, Plaintiff was only able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs based on records kept in the regular course of business.

Accordingly, Plaintiff promptly filed a motion for leave to take early discovery from the identified ISP (Comcast) to determine Defendant's identity. The bases for Plaintiff's infringement allegations, and justification for expedited discovery, are set forth in detail in its complaint, motion and supporting technical declaration. (Dkt. 1, 5-6) These provide background describing the online media distribution system Doe 9 and other Defendants have used without authorization to download and distribute the copyrighted motion picture to other users on the P2P network. (Dkt. 1, ¶¶ 10-17; Dkt. 6, ¶¶ 3-8) The described forensic software used for BitTorrent enforcement collects, identifies and records the IP addresses used by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works. More specifically, as explained in the supporting declaration (Dkt. 6), the forensic software scans P2P networks for the presence of infringing transactions and isolates the transactions and the IP addresses of the users responsible for copying and distributing the motion picture. This information is used along with corresponding hash values and transaction dates and times to identify the "swarm" of users that were reproducing,

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

distributing, displaying or performing the copyrighted motion picture. The software uses a geolocation functionality to confirm that IP addresses of the identified users were located this judicial district. (Id. ¶¶ 9-21)

Plaintiff sufficiently identified Defendant via the unique IP address assigned thereto at the time of the unauthorized distribution of the copyrighted motion picture. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-580 (N.D. Cal. 1999). Specifically, Plaintiff has Defendant's IP address and the date and time of Defendant's infringing activities, tracing the IP address to the specific ISP, in this case Comcast. Given that Defendant obviously received notice of Plaintiff's subpoena to Comcast as an identified subscriber, the ISP can and has identified Defendant by name, confirming that Defendant is a "real person" who can be sued in federal court. (Dkt. 6, ¶ 21) Plaintiff thereafter filed its first amended complaint (Dkt. 12).

## II.    LEGAL AUTHORITY AND ARGUMENT

### A.    DEFENDANT FAILS TO MEET THE HIGH STANDARD FOR DISMISSAL

A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should only dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 662; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). This standard is not, however, akin to a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 3
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff readily surpasses this modest threshold for notice pleading of its copyright infringement claim against Defendant. To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). Plaintiff unequivocally alleged both in its original and amended complaint, which allegations must be taken as true. For example, Plaintiff alleged:

- Comcast identified Defendant as the subscriber to whom a specific IP address was assigned during the relevant time period (Dkt. 12 at ¶ 10)

- The "IP address was observed infringing Plaintiff's motion picture at that time" (Id. at ¶ 24)

- The download of the motion picture was not an isolated infringement, but rather one instance of significant BitTorrent activity in which Defendant's IP address participated during the relevant period (Id. at ¶ 12)

- The materials shared and downloaded would not be of interest to a child (Id.)

- The physical location and layout of Defendant's residence makes it unlikely that his IP address was hijacked by a neighbor or passerby (Id. at ¶ 14)

In so doing, Plaintiff pled "facts tending to exclude the possibility that [an] alternative explanation is true," as has been required by this Court. These factual assertions are more than "formulaic recitation of the elements" or "bare legal conclusion," and specifically allege that Defendant copied Plaintiff's work. They provide fair notice of the infringed copyright and how the unauthorized copying occurred. Plaintiff's infringement claim is "plausible on its face," and readily pass the *Twombly/Iqbal* standard for notice pleading. Such pleadings have been found adequate to defeat similar motions for dismissal in other cases in this jurisdiction. *See, e.g., Cobbler Nevada v. Hamilton*, 16-cv-1616TSZ Dkt. 84 (July 28, 2016); *QOTD Film v. Does*, 16-cv-371RSL Dkt. 70 (October 11, 2016); *Criminal Prod. v. Winter*, 16-cv-1647RAJ Dkt. 36 (June 29, 2017).

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 4
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Noteworthy is the *Criminal Prod.* case—which is recent and based on due diligence and pleadings comparable to those in the present case. In *Criminal Prod.*, the Court specifically addressed the same *Twombly/Iqbal* standard and distinguished an earlier case in this jurisdiction in denying a similar motion for dismissal. (*Criminal Prod.*, Dkt. 36, pp. 3-4; *see also QOTD* Film, Dkt. 70, pp. 3-4) Plaintiff respectfully submits that as in *Criminal Prod.* and earlier cases, it has in this case pled sufficient facts—which much be taken as true—to support its allegations and meet the threshold requirement to defeat dismissal. Accordingly, Plaintiff respectfully submits that its amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendant asserts that Plaintiff failed to properly identify the Defendant and allege facts that Defendants participated in the infringing conduct. That is simply untrue. After outlining its copyright infringement claims, including a detailed description of the technology used for the infringement (*see* Dkt. 12. ¶¶ 27-39), Plaintiff specifically identified Defendant by name and address as the party which, "based on the investigation to date, and on information and belief," was the responsible party. (Id. ¶¶ 17, 24) The *Twombly/Iqbal* standard for notice pleading requires nothing more.

Defendant states that there has not been any proof presented to say that the identified IP address was "owned or has been used by Jeremy Reeves." At this stage, it is sufficient to alleged that the IP address was assigned to Defendant on information and belief. This allegation is bolstered by the fact that the ISP Comcast has positively identified Defendant as the subscriber responsible for the IP address at the relevant date and time the infringement occurred, and has provided that identification in response to subpoena. (Lowe Dec. ¶ 3) Moreover, while not needed at this stage, Plaintiff has independently confirmed that Defendant resides at the residence where the IP address was assigned and used and, further, that observed BitTorrent activity (beyond the motion picture title at issue in this case) started on the date that investigative databases indicate

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 5
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

that Defendant first became associated with the residence, which is highly suggestive that the IP address was used by Defendant. Formal discovery may be necessary to confirm this fact. (Id. ¶ 4)

Defendant further ignores Plaintiff's allegations of both direct and, alternatively, potentially indirect copyright infringement. Defendant asserts only, in conclusory fashion, that "an IP address, alone, is not evidence." But contrary to Defendant's assertion, it has never been the case that Plaintiff has alleged that the subscriber is the infringer based solely on responsibility for the IP address where the infringement occurred. Only formal discovery will determine whether facts supports direct infringement or alternative claims of liability, which may only be triggered if Defendant is not found responsible for direct infringement and otherwise the criteria for indirect infringement is met. For example, if Defendant was on notice, had knowledge of and participated in the infringement, indirect infringement may be a valid claim—which is precisely what is alleged in this alternative claim. At a minimum, Plaintiff's claim, on information and belief, meets the *Twombly/Iqbal* standard that there be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Likewise, Defendant's insinuation that Plaintiff failed to perform adequate investigation prior to bringing suit (see Dkt. 30, ¶ 1) has no basis, and is patently incorrect. To the contrary, Plaintiff performed significant investigation prior to bringing its claim, as set forth in its amended complaint. (Dkt. 12, ¶¶ 10-16). In fact, Plaintiff has taken more than reasonable steps in its efforts to identify the proper responsible party. The simple truth is that with these types of claims, barring voluntary participation by the subscriber and absent naming the subscriber and conducting formal discovery, Plaintiff is unable to do more. Indeed, the Court in this jurisdiction has specifically denied multiple requests to conduct early third-party discovery of subscribers to confirm the identity of the infringing party. Instead, the Court has instructed plaintiff's, when in possession of the names of the holders of each IP address that allegedly infringed its film, to:

> proceed by naming those parties as defendants and conducting discovery in the normal course prescribed by the Federal Rules. *See, e.g., Hard Drive Prods., Inc.*

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 6
Civil Action No. 17-cv-01077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*v. Doe*, 2012 WL 90412, *2-3 (E.D. Cal. Jan. 11, 2012) (denying request to depose
identified IP address holders). To the extent subsequent case developments show
that the IP holders are not the infringing parties, plaintiff may seek to amend the
Complaint as necessary.

*See, e.g., Cobbler v. Does*, Case No. 15-cv-1408TSZ Dkt. 23 (January 26, 2016); *Dallas Buyers*
*Club v. Does*, Case No. 14-cv-1819RAJ (and others) Dkt. 57 (February 11, 2016). That is precisely
what Plaintiff has done. Unless courts are prepared to foreclose to owners the right to enforce their
federal copyright registrations in district court, plaintiffs must be allowed to prosecute their claims
in just such as manner.

**B.    PLAINTIFF IS PURSUING ITS COPYRIGHT INFRINGEMENT CLAIMS IN GOOD FAITH**

Defendant seeks to shift the blame onto Plaintiff for "fail[ing] to protect their own
copyright materials." (Dkt. 56, p. 3) To the contrary, Plaintiff is taking reasonable steps to defend
its federal copyrights in an effort to stem the tide of online BitTorrent infringement that Congress
has called "a raging epidemic."[1]

Plaintiff's rights are no less important than those of any other rights holders, whether it be
of physical or intellectual property. As explained by Senator Levin in Congressional hearings on
peer-to-peer Internet piracy:

> In the world of copyright law, taking someone's intellectual property is a serious
> offense, punishable by large fines. In the real world, violations of copyright law
> over the Internet are so widespread and easy to accomplish that many participants
> seem to consider it equivalent to jaywalking—illegal but no big deal. But it is a big
> deal. Under U.S. law, stealing intellectual property is just that—stealing. It hurts
> artists, the music industry, the movie industry, and others involved in creative work.
> And it is unfortunate that the software being used—called 'file sharing' as if it were
> simply enabling friends to share recipes, is helping create a generation of
> Americans who don't see the harm. (Sen. Leven, Senate Hrg. 108-275, Sept. 30,
> 2003)

---

[1] While not relied upon for purposes of opposing Defendant's motion, and solely in response to Defendant's
uncorroborated assertions, in point of fact and by way of example, no fewer than three notices were sent to the Comcast
email account of Defendant about observed copyright infringement in November 2016—prior to commencement of
the lawsuit. (Lowe Ex. B)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

As well-documented in Plaintiff's complaint and supporting papers filed in this case, Plaintiff has more than met its burden of asserting a *prima facie* claim for copyright infringement in its complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns the exclusive rights under the registered copyright for the motion picture, and (b) the Doe Defendants copied or distributed the copyrighted motion picture without Plaintiff's authorization. These allegations state a claim for copyright infringement. *See* 17 U.S.C. §106(1)(3); *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014-15 (9th Cir. 2001) (Napster users who upload file names to the search index for others to copy violate distribution rights and users who download files containing copyrighted music violate reproduction rights); *In re Aimster Copyright Litig.,* 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

**C.    DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

Defendant may not like being haled into court to defend a federal copyright infringement claim, but that does not mean that Plaintiff's claims are not valid and fully alleged on information and belief sufficient to meet the *Twombly/Iqbal* standard for notice pleading, or that Plaintiff failed to properly investigate its claims. To the contrary, the original and amended complaint more than adequately meets these requirements and provide a definite statement of Plaintiff's copyright infringement claims. ***Noteworthy is that Defendant does not deny use of BitTorrent or responsibility for the copyright infringement in this case.*** In point of fact, Plaintiff has reasonably investigated its copyright infringement claims and alleged them based on the evidence available, and should be allowed to conduct discovery sufficient to prove the same. Indeed, it is simply not possible for a more definite statement to be submitted at this point in the proceeding—until and unless voluntary or formal discovery is obtained.

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 8
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## III.   CONCLUSION

There is no basis for dismissing the amended complaint based on failure to state a claim.

For the reasons set forth above, Plaintiff respectfully request that Defendant's motion be DENIED.

RESPECTFULLY SUBMITTED November 22, 2017.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 9
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, as well as the following addressed as follows:

Jeremy Reeves
13305 SE 19th St.
Vancouver, WA 98683
Jeremy13305@comcast.net

s/ David A. Lowe

OPPOSITION TO DEFENDANT REEVES' MOTION
TO DISMISS - 10
Civil Action No. 17-cv-1077RSL
INIP-6-0094P20 OPPMotDismiss

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301