Honorable Robert S. Lasnik

FILED _____ LODGED _____ RECEIVED _____ MAIL

DEC 07 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Defendant
Jeremy Reeves

ME2 PRODUCTIONS, INC
   (Plaintiff)   David Lowe

V.

ROBERT KARIUKI;
GARY VONERICHSEN;
JOSEPH DELACRUZ;
JOSUAH HANCOCK;
*JEREMY REEVES; and
PHYLIS KIHUYU,
   (Defendants)

Civil Action No. 17-CV-1077RSL

REPLY/DEFENSE FOR MOTION TO DISMISS

*Part 6, Conclusion Followed by Legal Authority/Argument
Pages 15-17

## Part 1
### (Not Plausible at Face or Depth)

The Plaintiff has **NOT** pled "facts tending to exclude the possibility that [an] alternative explanation is true," as has been required by this court. In fact the Plaintiff has completely ignored or misrepresented all facts telling him that an alternative explanation is true, thus he has fully ignored the requirements of the Court. The Plaintiffs infringement claim is **NOT** "plausible on its face" and does not even remotely come close to passing the Twombly/Iqbal standard for notice on pleadings. A complaint fails to state a claim upon which relief may be granted if the Plaintiff fails to allege the "grounds" of his "entitlement to relief" (Bell Atlantic Corp Vs. Twombly). The Plaintiff has failed to allege true, much less remotely believable ("Plausible on its face") grounds surrounding or building the reasons alleging his entitlements of relief. All grounds stated by the Plaintiff are either false or not substantial enough (combined or alone) to mean or add up to anything, much

Jeremy Reeves  12/06/17
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

1  less meet Twombly/Iqbal standard. Besides having Comcast give the Plaintiff my name and address (and him

2  repeat it over and over), most every single thing he has alleged as the "grounds" of his "entitlement to relief"

3  are not true, or have a more readily available (more likely than not / statistically superior) and truthful

4  alternative explanation then what the Plaintiff is providing. The Plaintiff has **NOT** pled "factual content that

5  allows the court to draw the inference that the Defendant is liable for the misconduct alleged" (Ashcroft Vs.

6  Iqbal).

7             Part 1.1
8             Dkt.44 Page4 Lines7-15
9     (Plaintiffs stated allegations/claims, bullets # 1-5)
10
11  In Dkt.44 page.4 lines 7-15 (A.K.A Plaintiffs late opposition) Plaintiff restates the allegations he has

12  examined and provided us no alternative explanation for, or of. I will now inform the court of the actual and

13  true nature of these specific allegations from the plaintiff.

14
15
16  #1  Line 8. "Comcast identified Defendant as the subscriber to whom a specific IP address was assigned..." --

17  David Lowe (Plaintiff).  So what? So the Plaintiff found an IP address from only god knows where off the

18  internet, stuck it into an EXCEL box and then issued a subpoena to get its Payees name and address (this is

19  nearly the full extent of Plaintiffs investigation). The Plaintiff thinks that this alone gives him grounds to launch

20  continual indiscriminate lawsuits. Does getting a name and Address of an IP payee actually constitute evidence

21  of a crime or who committed it? No it doesn't. An IP address and Payees name only is the most garbage

22  standard of evidence of a crime and accompany perpetrator that the American court system has ever seen.

23  Getting my name and address from Comcast through Subpoena does not make it any more special than just

24  plucking it out of a hat or out of the ocean/internet. I could pay a novice hacker or computer firm to get your IP

25  address off your computer right now. I could then put that IP address in my own nice homemade EXCEL box

26  and subpoena it through ComCast, then claim I did an investigation and go to the court claiming you owe me

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  relief simply because I pulled your IP address from the ocean, put it in an EXCEL box, then proclaimed (out of

2  thin air) to the court you stole my electronic data (This is exactly the situation of the Plaintiff). You think me

3  /you simply getting a name from ComCast is any form of evidence of a crime and its perpetrator? It's not.  I can

4  get the Plaintiffs name and address from the phone book or from online for 2 dollars or less. Plaintiff presents

5  my address from off the Internet and because it matches the Comcast subpoena, he flamboyantly proclaims

6  that he attempted a deep and hard fought investigation in "good faith". It's a full honest to god joke, and

7  anyone can see it, worst couldn't make it onto sub-par late night TV sales/scams that I've ever seen. The

8  Plaintiff puts up my address as exhibit like its evidence to anything. I gave my address out in Dkt.30 before

9  Plaintiff even made an exhibit of it. Plaintiff tries to build an air of the Defendant trying to conceal his location.

10 I have never tried to conceal my location/address from the Plaintiff or anyone else.  He thinks writing 1

11 subpoena on an IP he plucked from the ocean/Internet to launch early Discovery (and buying my address for

12 pennies online) constitutes an investigation in "good faith". In the Plaintiffs writing he alludes to getting my

13 assigned IP information as some type of victory and proof of his legitimacy, it is neither. In his writings Plaintiff

14 alludes to getting IP information as some type of stepping monument by making it appear as if the Defendant

15 was actively challenging this and trying to hide the IP information, which like all the Plaintiffs other claims is

16 not true or believable even at face value. The idea someone would present these things in court as evidence of

17 a crime and its perpetrator is a joke. The Plaintiff thinks getting a subpoena for an IP address is a holy grail to

18 waive in front of the court as evidence of a crime and proof of perpetrator through deep investigation, it is

19 neither. Having ComCast deliver a name has absolutely no bearing on the fundamentals of the actual debates

20 at hand.  In good faith, the Plaintiff is attempting to make a mockery of the Federal court system and its

21 Honorable Judges.

22 #2  Line 9. "The IP address was observed infringing Plaintiffs motion picture at that time" – David Lowe

23 (Plaintiff). By whom and by what? By unverified and unproven (not reliable) software being operated by

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  unknown assailants in foreign countries? Who exactly saw the IP? Who exactly saw me? Did they see me or did

2  they see a number on a screen that could have originated from any place out of billions on the internet?? If the

3  Crime happened in Washington then how did a company In Germany (guardedly/maverickeye) witness it?

4  Does the German company presented as witness have a Business license and credentialing to operate in the

5  U.S. or the State of Washington? What is the credentialing or proven capability's and lack of error by the

6  software and witness presented? The proven reliability and credentialing of the software and supposed

7  witness are absolutely zero! What is the likeliness that the IP originated from another location then the one

8  stated? Considering you can find IP addresses (assigned to me or anyone else) in any of billions of places

9  online, the probability that the Plaintiff found it where he claims he did instead of somewhere else is

10  statistically impossible. The reliability, operations, and control of the software that alleges to have witnessed

11  and captured these events is of unknown and un-reported capability, operation, and geographical location.

12  Unless shared for review and testing, this software should not be accepted as valuable/valid evidence to

13  present the court. The IP address activity the plaintiff brings up is in deep questionable reliability, its source is

14  unproven with unknown accuracy, operation, and from a geographical locations outside of the U.S. or the state

15  of Washington, therefor outside of the jurisdiction of the Federal courts, it should not be accepted by the

16  court.  Nobody knows where the plaintiff picked up my assigned IP address, he can find such a number in

17  millions of places across the internet. Him simply finding a number, placing it in an EXCEL box then finding out

18  who pays the numbers associated bill is no indication of a crime or its perpetrator. At face or depth value, the

19  Plaintiffs claim(s) that he found the IP number where he claims he did, instead of somewhere else, is

20  statistically impossible, and more likely than not, it is absolutely false. The Plaintiff is attempting in good faith

21  to make a mockery of the Federal court system and its Honorable Judges.

22  #3  Line 11. "The download of the motion picture was not an isolated infringement, but rather one instance

23  of significant Bit torrent activity..."  - David Lowe (Plaintiff). The Plaintiff alleged here and in his complaint that

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683

Reply/Defense For Motion To Dismiss                 619-748-8686. 360-949-1016
                                                    Jeremyreeves12@yahoo.com

Civil Action No. 17-cv-1077RSL

1  there is other significant Bittorrent activity, but he readily admits it does not pertain to his/this case or any

2  movie he represents or owns. So why exactly then is he bringing it up? How do allegations and claims of

3  unrelated (to the matters at hand) infractions/crimes have anything to do with the Plaintiffs false claims

4  against me or an IP assigned to me? The Plaintiff has no right to bring up outside information that does not

5  apply to matters he holds interest in here before the court. The Plaintiffs stated allegation has no place or

6  involvement with his claims against me or an IP assigned to me. None-the-less, surrounding Bittorrent activity

7  the plaintiff brings up is in deep questionable reliability, its source is unproven with unknown accuracy and

8  operation, from a source outside of the U.S. or the state of Washington and therefor outside of the jurisdiction

9  of the Federal courts. Nobody knows where the plaintiff picked up my assigned IP address alleged to be doing

10 other things, he can find such an IP number in billions of places across the internet. Him simply finding a

11 number, placing it in an EXCEL box then finding out who pays the numbers associated bill is no indication of a

12 crime or its perpetrator. Besides this claim having no place in the matters at hand in front of the court, the idea

13 that the Plaintiff found the IP number where he claims he did instead of the billions of other places it exists, is

14 statistically impossible. Taken at face value or examined at depth, these claims from the Plaintiff are more

15 likely than not, absolutely false.  The Plaintiff is attempting in good faith to make a mockery of the Federal

16 court system and its Honorable Judges.

17   #4 Line 13. "The materials shared and downloaded would not be of interest to a child." – David Lowe

18 (Plaintiff). The Plaintiff will actually stand and lie through his teeth to the court and its Honorable Judges saying

19 that no child would watch an action movie? A 17 year old could watch this movie in theaters alone, by face

20 value of its rating (R, 17 and up) it can be watched by and is of interest to a child. This Hollywood action movie

21 has a higher propensity to be of interest to children or non-adults then of being of any interest to many adults

22 who would find the style of action and story building childish and lacking adult quality. I have no interest in this

23 movie, surely many children do though. More or just as many kids find action movies as interesting as adults

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  do. The screen lines, story lines, and characters, of most action movies are written on a level for children, this

2  movie is unlikely to be an exception to that rule. Taken at face value or examined at depth, this claim by the

3  Plaintiff is statistically impossible, it's absolutely false (factually). The Plaintiff is attempting in good faith to

4  make a mockery of the Federal court system and its Honorable Judges.

5  #5  Line 14 "The physical location and layout of Defendant's residence make it unlikely that his IP address

6  was hijacked by a neighbor or passerby." – David Lowe (Plaintiff). This is a bold faced intentional lie, the truth

7  is the exact opposite of it. This statement portrays the copy and paste drag net trawl line styled lawsuits the

8  Plaintiff is indiscriminately launching. I live in a multi-family/housing unit that is surrounded by other multi-

9  family/housing units. I can see nearly 35 wireless router units that I can reach/connect to right now. An un-

10 calculable amount of people could have access to the IP address I pay for (even during this very moment). No

11 law prohibits me from sharing my IP with friends, family, neighbors, passerby's. One would not need to hijack

12 my IP to gain access (though hijacking is a possibility). The code is on the router. The code is on my fridge. I've

13 shared the code with multiple adults and children who can readily access my IP through their own personal

14 devices/computers at their residence. No law prevents me from doing this, and no law requires/enables me to

15 monitor every second of every piece of data crossing my assigned IP and onto their personal device or

16 computer. No law enables me to check (spoof) personal devices or computers not belonging to me simply

17 because they have connected to my IP now or in the past. A quick check of a map will show you I am

18 surrounded by multi-family dwellings and residences in close quarter to each other. At face value or depth the

19 Plaintiffs claim is absolutely false (factually). The Plaintiff is attempting in good faith to make a mockery of the

20 Federal court system and its Honorable Judges.

21
22                                Part 2
            (Plaintiffs Erroneous Submission of Late Opposition)

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

1    I do not consent to an extension of time for the plaintiff to provide opposition toward the motion to

2    dismiss (Dkt.30), the Plaintiffs' opposition (Dkt.44 and Dkt. 45) should not be considered by the court. The

3    plaintiff is in violation of LCR7(J) (Motions for Relief from a Deadline). If the plaintiff felt he needs an extension

4    of time he should have contacted me, as described in LCR7(J) for consent and then filed a stipulation or

5    proposed order as required. I am open and willing for any extension of time, but not after the time and place

6    to request such extension has come and passed, much less when the plaintiff never asked me at all, as

7    required by LCR7(J). I find it disturbing and disrespectful that if the Plaintiff felt the need for an extension of

8    time he did not first contact me so I could consider the situation and his proposition. I have provided the

9    Plaintiff 3 points of contact long before the document (Dkt.30) he seeks relief from was ever drafted or

10   submitted. I have talked to the Plaintiff through my cell phone number, through e-mail, he has left a message

11   on my home phone answer machine, and he has mailed or sent currier to my address/door in the past. Yet in

12   this situation the Plaintiff sought out none of these points of contact before reaching out to the court for relief

13   from a deadline. This leaves one to realize the fact that the Plaintiff does not take my defense of his

14   accusations seriously, nor does he take the time and considerations of the court seriously. In utmost respect

15   for the Plaintiffs own profession, the BAR association and particularly for the the Court. If the Plaintiff (a

16   professional lawyer) needs a first time litigant acting in Pro Se defense to tell him (and his entire legal team)

17   when the paperwork to defend his own lawsuit is due, then the Plaintiff should no longer be allowed to bring

18   accusations before the court (I respectfully request the court to consider this circumstance). The idea that a

19   first time Pro Se defendant stooped or dumfounded an entire professional law firm for 22 days straight while

20   they stood completely idle (as if the Plaintiff and his entire law firm have/had absolutely no clue or resources

21   of how to properly proceed), not contacting the defendant or court for extension, is comical at best.  This

22   situation is not a stab at comic relief by the Plaintiff though, instead it points toward his common trend of

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

1  professional negligence. This professional negligence will be pointed out multiple times in various places

2  throughout this paper.

3       I do not consent to an extension of time for the Plaintiffs opposition. The Plaintiff has no logical or

4  reasonable explanation holding validity or weight as to why he is late. I had the Motion to Dismiss (Dkt.30)

5  hand delivered to the Plaintiffs office on October 31st 2017 during working hours, yet he still didn't take the

6  documents seriously and failed to review them. Because of the Plaintiffs failure to review the documents and

7  plan accordingly now he asks for extension of time. The fact he decided not to review them in due time and

8  instead left them collecting dust for 22 days, as he stood completely idle, is in no way shape or form the fault

9  or responsibility of the Defendant. The Plaintiffs late opposition should not be considered by the Court. The

10  Plaintiff has failed under LCR7(B)(2) (Obligation of Opponent) to provide opposition to a motion and therefore

11  has construed that my debates hold merit. Further, through the Plaintiffs own Admission and Declaration he

12  has not provided any opposition to the motion to Dismiss (this is discussed in Part5). The time and place for

13  the Plaintiff to stand and defend his accusations and claims against me has come and passed. For this reason

14  amongst others I respectfully demand all allegations, actions, and claims against me be dismissed with

15  prejudice.

16                               Part 2.1

17       The Plaintiff is in violation of LCR5(F) (Proof of Service) 2X, by signing a certificate of service stating

18  documents were mailed to my address (Dkt.44 page 10, Dkt. 45 page3). These two documents were signed and

19  submitted by the Plaintiff stating he sent service on 11/22/17. Yet according to the U.S. postal service the

20  Plaintiff did not actually service these documents to the mail until 5 days later on 11/27/17(see exhibit A). The

21  Plaintiff signing for certification of service 5 whole days before he actually initiated service is intentional and

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686, 360-949-1016
Jeremyreeves12@yahoo.com

1  alludes to a common trend of professional negligence. Due to this circumstance, amongst others, the Plaintiffs

2  Opposition (Dkt.44 and Dkt.45) should not be considered by the court.

3                                      Part 2.2

4        In Dkt.44 Page10 and Dkt.45 Page3 the Plaintiff lists my e-mail address as jeremy13305@comcast.net.

5  I have never used such e-mail nor claimed to use such e-mail. I have never given out this e-mail to the Plaintiff

6  or the Court (or anyone ever) as a point of contact. My e-mail along with both phone numbers and address I

7  can be reached at has been provided personally to the Plaintiff (on multiple occasions) and is also listed in

8  Dkt.30. All 3 of these points of contact have been personally provided to the Plaintiff long before I ever drafted

9  or submitted Dkt.30, which he seeks to oppose through late submission. I have talked to the Plaintiff multiple

10 times through my personal e-mail (not the e-mail he lists as a point of electronic service), I have records of

11 these e-mails (one of which I will provide as exhibit B). The idea that the Plaintiff would list an e-mail (as a

12 point of contact to me) I have never given him, used, or claimed to use, after he has e-mailed me multiple

13 times at my valid e-mail address, is comical at best. Rather than a stab at comic relief, this shows the level of

14 professional negligence that is common from the Plaintiff. This professional negligence will be pointed out

15 multiple times in various places throughout this paper.

16                                   Part 2 Summary

17        The Plaintiff failed to review the Motion to Dismiss hand delivered to his office (Probably because his

18 entire practice is based upon how fast he can copy and paste dragnet and trawl line lawsuits, then quickly

19 collect settlements from scared and ignorant but likely innocent citizens), just as he failed to servicing me

20 documents on the day he signed for doing so, just as he failed to list my actual previously provided e-mail

21 address, just as he failed to take my defense seriously, just as he failed to take his own lawsuit seriously, * just

22 as he failed to stand and defend his accusations and claims against me. This type of behavior should not be

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686, 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  tolerated by the court. The Plaintiff is attempting in good faith to make a mockery of the Federal Court system
2  and its Honorable Judges. Due to this common show of professional negligence, amongst other reasons, I
3  respectfully demand all allegations, actions, and claims against me be dismissed with prejudice.

## Part 3
### (Erroneous Fundamentals of the Plaintiffs Argument)

The Plaintiff fails to recognize the fundamentals of ISP subscribership. I cannot and do not have ownership of an IP address. I cannot (physically or theoretically) own an IP address, therefore I cannot be held liable for its (the IP address) actions solely based on the idea of default ownership of it (the IP address). Unless the Plaintiff has proof or evidence that I am a verified infringer (something he has not presented or alluded to at all) of something that took place on the Internet or given IP address, then he has no case or evidence against me. Without this evidence there is not much to debate or contest, and the Court doesn't have much to consider. Simply stating a name and address based upon the idea of IP ownership (I cannot own an IP address) is not evidence of anything. Much less the Plaintiff has not even gone to any length (even if only held to the standard of good faith) to prove an infraction ever even happened. Writing an IP address into an EXCEL box then listing an associated address (the only truthful thing shown in plaintiffs exhibits or writings) is not proof of a crime ever having happened, much less proof of the perpetrator. The Plaintiff has no proof or evidence to support the idea I can even own an IP address (physically or theoretically), or that an infraction happened on an IP address assigned to me, or that Jeremy Reeves is the perpetrator of said infraction.

Take for instance the situation of a magazine publication and its subscribers. You can subscribe to and receive a copy of any given volume (of/from the magazine) but this does not mean you own the publication, you do though own any given volume/issue of the publication that you have received or been given. Subscribership to an ISP and being assigned an IP, versus subscribing to a magazine and owning any given copy is not the same thing. The Plaintiff would tell you and have you believe these situations are identical, but they

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686, 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  are not. Just because I subscribe to an ISP and they send me a gateway/portal (IP) to access the internet from

2  does not mean I own the gateway/portal (IP), the ISP retains sole ownership of the gateway/portal or IP

3  address. Subscribing to an ISP is very similar to subscribing to State, Federal, or military ID card. It is akin to

4  subscribing to a credit card. The State, Federal, military, or bank agency/entity retains sole ownership of the ID

5  or credit card. The same way an ISP retains sole ownership of the IP address (gateway/portal). Through this

6  explicit ownership they (the State, Federal, Military, Bank, ISP agency/entity) retain a guaranteed right to

7  revoke its (ID, Credit card, IP access) use and privileges at any time for nearly any reason. The ISP has

8  ownership and control of the IP, not me. In no way, shape, or form can I own or control or monitor all the

9  actions of an IP, physically or theoretically, therefor I cannot be held in blanket fashion responsible for its (the

10  IP) actions. The Defendant (Jeremy Reeves) does realize a difference between owning and being assigned an IP

11  address. I don't contests the accuracy of IP assignment nor my address and Name (the only factual information

12  the Plaintiff has stated), the Plaintiff presents that information as a Holy Grail but in actuality it holds little or

13  no value to the fundamentals that are at play in the matters at hand. Simply stating who is assigned an IP

14  address is not enough to hold that person accountable for any/all action taken by it (the IP address) in blanket

15  type fashion. If I was assigned a locker at school and the locker fell over and killed someone would you try to

16  hold the person assigned the locker accountable or the owner of the locker accountable? Or would you try to

17  figure out whom or what nocked the locker over? The dichotomy of this situation as compared to the locker is

18  that the Plaintiff is stating that the person assigned the locker is accountable for its actions rather than the

19  owner being held accountable. The Plaintiff is stating that the assigned person to the locker must account for

20  the lockers actions at all times even during the times he is not present and/or in control of the locker or its

21  actions. Only the rightful owner of a piece of property can be held accountable for its actions while he (the

22  owner) is not present. Just from being assigned a locker that fell over and killed a person would not make it my

23  responsibility to know/find-out/explain what caused the lockers actions while I was not present. Trying to hold

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1   someone accountable in blanket fashion for something they do not personally own and cannot be physically

2   present to monitor every action during every moment in every day, is fundamentally flawed and erroneous.

3   The Plaintiff makes it seem like this would be a fairy tale type of idea, you can clearly see through the physical

4   examples of being assigned an ID, Credit card, and school locker that they are real and physically existing

5   situations, they are of the same type/nature in play between an ISP and IP assignee, accordingly they are

6   rudimentarily at play in the opposing fundamentals being presented to the Court. The Plaintiff has done

7   nothing more than state an IP address and its assignees name and address, this is not indicative of a crime or

8   its perpetrator. The Plaintiffs claims that because he used a subpoena to get the IP assignees name and

9   address that he has launched a thorough and in depth investigation, he has not. The Plaintiffs investigation

10  consists of finding an IP number on the internet (from god only knows which place out of billions), issuing a

11  subpoena to find its payee, and then copying and pasting the exact same allegations for every IP he can fit in

12  an EXCEL box, without going so overboard as to raise extreme and undo suspicion into his (Plaintiff) activities.

13  The Plaintiff is attempting in good faith to make a mockery of the Federal Courts and its Honorable Judges. For

14  these reasons, amongst others, I respectfully demand all allegations, actions, and claims against me be

15  dismissed with prejudice.

16                                          Part 4
17                             (Affirmative Defense, Wrong Party)

18       In Dkt.44 page8 line20, the Plaintiff states, "Noteworthy is that Defendant does not deny use of

19  Bittorrent or responsibility for the copyright infringement in this case." In Dkt.30 bullet#4, I state, "Jeremy

20  Reeves reserves the right to raise any affirmative defense in the future." I prepared Dkt.30 under haste, I did

21  not understand the difference of simply deny any/all allegations against me, versus raising an affirmative

22  defense, I probably still don't understand the full difference. I greatly apologize to the Plaintiff and the court

23  for any confusion caused by this. I doubt this misunderstanding and resulting confusion matter either way

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686, 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  though, at this time I raise the affirmative defense of Wrong Party. I don't have the Plaintiffs movie nor did I
2  ever download it. I doubt the Plaintiff found my assigned IP downloading a movie, of all the places you can find
3  an IP on the internet, it is more likely then not he found it some place other than downloading a movie. The
4  Plaintiff seeks me to launch investigation for him without realizing I'm not an investigator and have no
5  capability or credentials to claim or act as such. Since I declined to launch illegal investigation on behalf of the
6  Plaintiff, he now seeks to compel or coerce me into conducting illegal investigation for him under the threat of
7  Discovery. Plaintiff thinks formal Discovery will compel or coerce me into launching illegal investigations for
8  him, it will not though. Plaintiff told me on the phone that the FBI warning labels on all movies is indicative of
9  them becoming involved, he should call them because I have no intentions or capability to act in their place.
10 The Plaintiff claims that seeking me for Discovery will prove the existence of a crime he has thus far provided
11 no actual evidence of having taken place. The tactic of seeking me for Discovery is not in and of its self, enough
12 to hale me into Federal Court in hopes I will build and prove Plaintiffs lawsuit for him, because I will not. The
13 Plaintiff has the Wrong Party.

14        While it is possible an IP assigned to me that is available for use by nearly any one (my router code is
15 posted on my fridge, I've given it out to multiple people across my apartments) has committed some type of
16 infraction, I am not the owner of this IP address and cannot be held in blanket fashion liable for its actions. I
17 am in no way, shape, or form involved with the Plaintiffs unproven infringement simply because I pay the bill
18 for an IP address and thus have it assigned to my name. Plaintiff assured me on the phone how seriously the
19 FBI would take this because they provide a statement attesting to it at the beginning of every movie. Because
20 of this FBI statement the Plaintiff directs that I should act in their place to hunt down and provide the evidence
21 the FBI should be collecting, then present said evidence to Plaintiff in order to prove my innocence. If the
22 Plaintiff is so convinced a crime happened he should probably call the cops or FBI to investigate instead of
23 demanding it from me. No direct or indirect evidence of any infraction involving an IP address assigned to me

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1 has been presented to me or the Court. No evidence suggesting I was working through this IP at the stated
2 time has been presented to me or the court. Simply having an EXCEL document with an IP address that the
3 Plaintiff placed into a box is no indication of an infraction/crime having occurred, much less proof or evidence
4 towards the perpetrator of said non-proven crime.

5     If the fundamentals of the Plaintiffs argument were as rock solid as he proclaims they are, he would be
6 using them to go after every McDonalds, Starbucks, and library in Washington claiming the IP address assigned
7 to (or payed by) them infringed on his rights. The simple fact that he isn't is by and large due to him knowing
8 that he would be perusing the "Wrong Party" and would fail miserably in that attempt to line his pockets with
9 loot and booty. Instead of using what he claims is rock solid evidence and fundamentals to go after
10 people/entities that are likely the "Wrong Party", but can easily afford or provide valid defense, the Plaintiff
11 aims his sights at individuals he knows cannot afford or provide proper defense, but that are non the less likely
12 to be the "Wrong Party". This type of predatory behavior should not be ignored and thus condoned by the
13 court. The Plaintiff is attempting in good faith to make a mockery of the Federal Court and its Honorable
14 Judges.

## Part 5
### (Plaintiffs Admission of not providing Opposition)

17     In (Dkt.45 Page2 Line6) Plaintiff states "I declare under penalty of perjury that the foregoing is true and
18 correct." In the forgoing Plaintiff states "I Make this declaration in support of Plaintiff's motion for entry of
19 default, and all documents referenced herein as true and accurate." - David Lowe (Dkt. 45 page 1 Line 16). The
20 Plaintiff is saying that under penalty of perjury it is true and accurate that every statement and word in Dkt. 44
21 and Dkt. 45 are only being made for the purposes of supporting his motion of default against me. Can the
22 Plaintiff reference this motion of default against me that all his work in Dkt. 44 and Dkt. 45 are in support of?
23 No, he can't, because no motion of default against me exists. If the Plaintiff has said under penalty of perjury

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

1  that all documents referenced herein as true and accurate and then he says they are all in support of his

2  motion of default, and no motion of default against me exists, **THE PLAINTIFF, BY HIS OWN ADMISSION, HAS**

3  **NOT PROVIDED ANY OPPOSITION AGAINT MY MOTION TO DISMISS, HE PROVIDED IT FOR A MOTION OF**

4  **DEFAULT THAT DOESN'T EXIST.**

5  Part 6
6  (Conclusion Followed By Legal Authority/Argument)

7  The Plaintiff has found a way to use legal jargon, legal posturing/inflation, and overly

8  long/burdensome documents copied and pasted over and over again, in attempt to inflate and exploit the only

9  factual pieces of non-evidence information he possesses (1. IP address 2. Name of payee 3. Address of Payee).

10  None of these pieces of information combined or alone can point to or prove a crime has been committed in

11  the style claimed, much less this information cannot verify or point to an infringer. Plaintiff states his grounds

12  to demand relief through inferences such as, "a child has no interest in this movie, the layout/location of

13  residence makes spoofing/sharing of IP address impossible, these activities are not isolated because of non-

14  related instances." I have disproven or dispelled all of these grounds. These things simply are not true and in

15  most the situations they are factually impossible. I have provided a more likely than not, truthful alternative

16  explanation for all these of these grounds to relief.  Plaintiff uses these no-evidence pieces of information to

17  intimidate and coerce people and courts into a typically successful scheme of extracting money/loot/booty

18  from more likely than not innocent IP subscribers. Many of the victims in the Plaintiffs drag net, trawl line,

19  copy and paste type lawsuits are more likely than not, innocent but to ignorant and/or scared to provide

20  defense for them self's, and/or to financially strained to purchase legitimate representation. Any given IP

21  address can be accessed by an unlimited number of users or actors/entities, such as, malicious code, malware,

22  viruses, hackers, foreign/domestic scammers and simple multiple parties using an IP they do not pay for. The

23  Plaintiff has provided no evidence that a crime has occurred or of my involvement. He has not considered or

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

1  presented any alternative possibilities *The Plaintiff has **NOT** provided "more than a sheer possibility that a

2  defendant has acted unlawfully" (Iqbal, 556 U.S. at 678), this is true for every co-defendant also, because of

3  this I respectfully request the court to dismiss all co-defendants. Plaintiff feels that by making false blanket

4  allegations he is entitled to intimidate citizens and the courts into playing along with his racquet. These false

5  allegations and lacking evidence is not enough to launch discovery; as noted by the Honorable Judge Thomas

6  Zilly Western District of Washington on 11/03/17, after Plaintiff David Lowe attempted to sue 2X a deceased

7  man who was prior incapable of operating a computer, based upon the exact same false claims/evidence and

8  copy and pasted lawsuit. "plaintiff may not, based solely on IP addresses, launch a fishing expedition aimed

9  at coercing individuals into either admitting to copyright infringement or pointing a finger at family

10 members, friends, tenants, or neighbors. Plaintiff must demonstrate the plausibility of its claims before

11 discovery will be permitted. See Bell Atl. Corp v. Twombly" -Thomas Zilly (Dkt.27 page4 17-cv-00988). If the

12 Court does not grant me relief from the Plaintiffs false and mostly impossible allegations and claims, I will

13 happily launch (and seek support) my own Discovery against the Plaintiff, on behalf of the American people

14 and all the plaintiffs innocent victims, to expose his corrupt operation that the U.S. authorities and Courts have

15 failed to pick up on or act upon accordingly. The Plaintiff has conspired with foreign companies and interests to

16 loot and pillage the pockets of innocent but scared and ignorant American citizens, he will collect and run away

17 with this loot and booty as quickly as possible for as long as the courts allow it. * The Plaintiff has **NOT** stated

18 "enough facts to state a claim to relief that is plausible on its face." (Coto Settlement v. Eisenberg 9th circuit

19 2010). *Plaintiff has **NOT** demonstrated the plausibility of his claims or truthfully alleged the grounds of

20 entitlement to relief (Bell Atl. Corp v. Twombly). *Plaintiff has **NOT** plead factual content that allows the

21 court to draw a reasonable inference the defendant is liable for the misconduct alleged (Ashcroft v. Iqbal). In

22 good faith the Plaintiff is attempting to make a mockery of the Federal Court system and its Honorable Judges.

23 I respectfully request the courts undivided consideration in dismissing all co-defendants. For these reasons

Jeremy Reeves
13305 Se 19th St.
Vancouver WA 98683
619-748-9686, 360-949-1016
Jeremyreeves12@yahoo.com

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

1  provided and stated in this paper, amongst others, I respectfully demand all allegations, claims, and actions

2  against Jeremy Reeves be dismissed with prejudice.

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

*Jeremy Reeves* 12/06/17
13305 Se 19th St.
Vancouver WA 98683
619-748-8686. 360-949-1016
Jeremyreeves12@yahoo.com

# EXHIBIT A



**LOWE GRAHAM JONES** PLLC
Intellectual Property Attorneys

Jeremy Reeves
13305 SE 19th St.
Vancouver, WA 98683

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F.206.381.3301
LoweGrahamJones.com

Seattle WDC 981
MON 27 NOV 2017

Date 11/27/17 is
5 days after the day Plaintiff
certified and signed saying
he serviced documents on 11/22/17.

**EXHIBIT B**

### ME2 Prod. v. Does, 17-cv-1077 (2)

**David Lowe** <lowe@lowegrahamjones.com>    Oct 19 at 6:19 PM
To jeremy reeves

Mr. Reeves,

Thank you for your email. Happy to discuss this case. Please give me a call at the numbers below at your convenience to discuss.

David

David A. Lowe
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800 - Seattle, Washington 98104
206.381.3300  Fax:  206.381.3301  LoweGrahamJones.com
DD: 206.381.3303  Cell: 206.335.3303  Lowe@LoweGrahamJones.com

Information in this email message may be privileged, confidential and protected
from disclosure. If received in error, please respond and destroy all copies.

**From:** jeremy reeves [mailto:jeremyreeves12@yahoo.com]
**Sent:** Friday, October 13, 2017 1:48 PM
**To:** David Lowe <lowe@lowegrahamjones.com>
**Subject:** Civil action

Hello
I am writing you about civil action 17-cv-1077RSL

What are you seeking monetarily in this case?

I have never dealt with a civil case so really I hardly know how to respond



Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Defendant  
Jeremy Reeves

Civil Action No. 17-CV-1077RSL

### Certificate of service

I certify that a true and correct copy of the foregoing document has been served to all counsel or parties of record.

Lowe Graham Jones  
701 fifth avenue, suite 4800  
Seattle, Washington 98104

Clerk of the Court  
United States District Court for the Western District of Washington  
700 Stewart Street  
Seattle, WA 98101

Sent by mail December 6th 2017

Jeremy Reeves  
12/06/17

Reply/Defense For Motion To Dismiss

Civil Action No. 17-cv-1077RSL

Jeremy Reeves  
13305 Se 19th St.  
Vancouver WA 98683  
619-748-8686, 360-949-1016  
Jeremyreeves13@yahoo.com