UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ME2 PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT KARIUKI, *et al.*, <br><br> Defendants. | Case No.  C17-1077RSL <br><br> ORDER DENYING MOTION TO DISMISS |

This matter comes before the Court on defendant Jeremy Reeves' motion to dismiss. Dkt. # 30. Defendant argues that an IP address is not a reliable form of identification for any particular person and that the allegations of the complaint are insufficient to give rise to a plausible inference that Mr. Reeves is the one who downloaded *Mechanic: Resurrection*. The Court has considered plaintiff's untimely response in which it argues that it has alleged additional facts, beyond the IP address, that tend to exclude the possibility that anyone other than the subscriber downloaded the copyrighted work.

The question for the Court on a motion to dismiss is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause

ORDER DENYING MOTION TO DISMISS - 1

of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). For purposes of a motion to dismiss, all well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Plaintiff alleges that Mr. Reeves is a Comcast customer who was assigned an IP address that was used to download all or part of plaintiff's copyrighted work.[1] While it is true that plaintiff's allegation that each of the named defendants "copied and distributed Plaintiff's copyrighted motion picture" (Dkt. # 12 at ¶ 10) is merely a formulaic recitation of an element of plaintiff's direct infringement claim, plaintiff has made specific factual allegations in support of that assertion, such as:

- that Comcast identified Mr. Reeves as the subscriber to whom a specific IP address was assigned during the relevant time period (Id. at ¶¶ 10-11);

---

[1] In his reply, Mr. Reeves argues that plaintiff pulled the IP address from thin air, making the fact that Comcast identified him as the subscriber irrelevant. Mr. Reeves ignores the allegation, which the Court must accept as true at this stage of the proceeding, that the IP address assigned to him was observed downloading *Mechanic: Resurrection*. If Mr. Reeves intends to challenge the truth of the allegations of the complaint regarding the investigation performed by Maverickeye, the procedural mechanism for such a challenge is a motion for summary judgment under Fed. R. Civ. P. 56, not a motion to dismiss.

ORDER DENYING MOTION TO DISMISS - 2

- that the "IP address was observed infringing Plaintiff's motion picture at that time" (Id. at ¶ 24);

- that the download of *Mechanic: Resurrection* was not an isolated infringement, but rather one instance of significant BitTorrent activity in which Mr. Reeves' IP address participated during the relevant period (Id. at ¶ 12);

- that the materials shared and downloaded would not be of interest to a child (Id.); and

- that the physical location and layout of Mr. Reeves' residence makes it unlikely that his IP address was hijacked by a neighbor or passerby (Id. at ¶ 14).[2]

These allegations render some of the other plausible explanations for the infringing use of the IP address less likely. Plaintiff has alleged facts indicating that Mr. Reeves is not in a location where strangers could connect to his server, that the BitTorrent activity was continuous enough that it was not the work of an occasional or transient guest, that it is unlikely that a child in the residence was responsible for the download, and that the use of the IP address for infringing activity was extensive enough that an inference of knowledge and permission arises. All of these facts, added to Mr. Reeves' ownership of the account, raise a plausible inference that he is the person who engaged in copyright infringement. Plaintiff may be wrong – but it is not required to prove its allegations in order to adequately plead a claim of infringement under Twombly.

---

[2] Mr. Reeves argues that some of these allegations are untrue, such as the fact that *Mechanic: Resurrection* is not attractive to children and/or that the physical location and layout of his residence in any way reduces the likelihood that someone other than he accessed the internet using his IP address. For purposes of a motion to dismiss, however, the allegations are accepted as true. If Mr. Reeves files a motion for summary judgment under Fed. R. Civ. P. 56, he must submit a declaration, signed under penalty of perjury, stating relevant facts of which he has personal knowledge.

The Court has ignored allegations that do not apply to all defendants and have not been specifically asserted against Mr. Reeves, such as the allegations that, in certain instances, BitTorrent activity ceased when the subscriber received a notice from the ISP and that, in some instances, plaintiff performed social media and database investigations in an attempt to link the subscriber to the download.

ORDER DENYING MOTION TO DISMISS - 3

For all of the foregoing reasons, Mr. Reeves' motion to dismiss (Dkt. # 30) is DENIED. Now that this motion is resolved, Mr. Reeves has fourteen days from the receipt of this order to file a formal answer to the allegations of the complaint. See Fed. R. Civ. P. 12(a)(4). The preferred form of answer mirrors the complaint, so that Mr. Reeves' response to paragraph 1 of the complaint is stated in numbered paragraph 1 of his answer. The general rules of pleading in response to a complaint are set forth in Fed. R. Civ. P. 8(b). Any affirmative defenses to liability (other than denials, which are included in the responses to the numbered paragraphs of the complaint) and any compulsory counterclaims against plaintiff must be included in the answer. See Fed. R. Civ. P. 8(c) and 13.

Dated this 4th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge