Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ME2 PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT KARIUKI; an individual, <br> GARY VONERICHSEN; an individual, <br> JOSEPH DELACRUZ; an individual, <br> JEREMY REEVES; an individual, and <br> PHYLIS KIHUYU, an individual, <br><br> Defendants. | Civil Action No. 17-cv-1077RSL <br><br> MOTION TO DISMISS COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES <br><br><br> NOTE ON MOTION CALENDAR: <br> June 29, 2018 |

Plaintiff respectfully moves to dismiss Defendant Jeremy Reeve's counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff further moves to dismiss or strike all defenses under 8(c) and/or 12(f).

## BACKGROUND

Plaintiff named Defendant in its amended complaint filed September 8, 2017. (Dkt. 12) Service was accomplished on October 12, 2017. (Dkt. 28). Defendant filed a motion to dismiss on October 31, 2017. (Dkt. 30) The Court denied Defendant's motion to dismiss May 4, 2018. (Dkt. 63) Defendant filed his answer and amended counterclaim on May 17, 2018 (Dkt. 66) The legal basis for Defendant's counterclaim is unclear, but appears to be a claim for harassment based

MOTION TO DISMISS COUNTERCLAIM - 1
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

on Plaintiff's copyright infringement claim which, as best understood, should be characterized as an abuse of process claim. Defendant further asserted the following affirmative defenses:

1. Unclean hands
2. Unjust enrichment
3. Assumption of risk
4. Misuse of product

(Dkt. 66)

## ARGUMENT

### A. Standard for a Motion to Dismiss

Under Rule 12(b)(6), a court must dismiss a complaint (or counterclaim) if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Dismissal for failure to state a claim "is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

To survive a motion to dismiss, a complaint's (or counterclaim's) "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the non-moving party. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court, however, is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. As

MOTION TO DISMISS COUNTERCLAIM - 2
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

**B.     Dismissal of Defendant's Counterclaim for is Warranted**

The Supreme Court of Washington has said: "[i]n abuse of process cases, the crucial inquiry is whether the judicial system's process, made available to insure the presence of the defendant or his property in court, has been misused to achieve another, inappropriate end." *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 963 n.2 (1979). To state a claim for abuse of process, Defendant must allege that: (1) Plaintiff had an ulterior purpose to accomplish an object not within the proper scope of the process; and (2) Plaintiff performed an act in the use of legal process not proper in the regular prosecution of proceedings. *Raima, Inc. v. Myriad France, SAS*, 2012 U.S. Dist. LEXIS 176245, at *10 (W.D. Wash. Dec. 11, 2012) (quoting *Batten v. Abrams*, 28 Wn. App. 737, 745 (Wash. Ct. App. 1981)). As explained by the Washington Court of Appeals in *Batten*, the decided law explains the claim this way:

> An ulterior motive or a bad intention in using the process is not alone sufficient, the bad intent must have culminated in the abuse, for it is the latter which is the gist of the action. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law. Thus the mere issuance of process is not actionable as an abuse of process; there must be use of the process, and that use must of itself be without the scope of the process, and hence improper. Or stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do.

*Id*. at 746-47 (quoting 1 Am. Jur. 2d *Abuse of Process* § 4, at 253 (1962) and citing cases).

As the entirety of its abuse of process counterclaim Defendant alleges as follows:

> Plaintiff intends to elicit settlement funds and/or default judgments from defendants, rather than to explicitly prevent infringement of its copyrights. Moreover, plaintiff has developed and engaged a litigation centric business model, whereby Plaintiff tracks BitTorrent sites in order to locate IP addresses, which may

MOTION TO DISMISS COUNTERCLAIM - 3
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

lead to a potential copyright infringer, in order to generate income off of the alleged downloads rather than use this as a part of their methodology to stop infringements.

(Dkt. 43 p. 17) In other words, Defendant apparently alleges that Plaintiff brought a baseless lawsuit and then committed abuse of process (or in other words used by Defendant, "harassment") by intending to attempt to prosecute a claim it knew was baseless.

Defendant's wild accusations are wholly false about the merits of or motives for Plaintiff's copyright enforcement efforts. This has been described in detail in Plaintiff's original and amended complaints. (See, e.g., Dkts. 1, 6, 12). Even though an ulterior motive or bad intention in bringing suit is legally insufficient to make out the claim, Plaintiff's motives and intentions are fully proper and justified—an effort to stem the tide of piracy that is plaguing the motion picture industry specifically, and electronic media industries in general. Plaintiff seeks not only financial redress for such infringement, but also to enforce its federal copyrights though injunctive relief and destruction of infringing materials—in other words, efforts to stop infringement. Plaintiff files its lawsuits, seeks discovery as permitted by the Court, and remedies as authorized by law. There is absolutely nothing improper in its course of action, and no legal or factual basis for Defendant's abuse of process claim.

But regardless of the merits of Plaintiff's case or its undeniable good faith pursuit of enforcement of its federal copyright, the law is clear—this Court has previously held that attempts to prosecution or settle a case, even a case later held to be frivolous, cannot form the basis of an abuse of process claim. *Raima*, 2012 U.S. Dist. LEXIS 176245, at *10. The *Raima* Court cited with approval many other courts reaching the same conclusion, albeit for different reasons. *E.g.*, *JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 141 Cal. Rptr. 3d 338, 346 (Cal. Ct. App. 2012); *Hoffman v. Asseenontv.com, Inc.*, 404 N.J. Super. 415, 962 A.2d 532, 542 (N.J. Super. A.D. 2009) (concluding that settlement negotiations are not part of the court's "process"); *Wallace v. Mercantile Cnty. Bank*, 514 F. Supp. 2d 776, 793 (D. Md. 2007) (explaining that there can be no abuse of process for simply seeing a lawsuit through to its "authorized conclusion," and that

MOTION TO DISMISS COUNTERCLAIM - 4
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

attempting to negotiate a settlement is merely carrying a suit through to its "authorized conclusion"); *THI of New Mexico at Valle Norte v. Harvey*, 802 F. Supp. 2d 1257 (D.N.M. 2011) (concluding that attempts to settle a case are not acts that are improper in the regular prosecution of proceedings).

The *Raima* Court found that these courts were the majority approach, and that there was no authority to suggest Washington would diverge from it. The Court noted that although Washington case law has never squarely addressed this question, the little authority that does exist exists suggests Washington would follow the majority position. For example, the Washington Court of Appeals has said that for abuse of process, "there must be an act after filing suit using legal process empowered by that suit." *Saldivar v. Momah*, 145 Wn. App. 365, 186 P.3d 1117, 1130 (Wash. Ct. App. 2006). As explained in *Raima*:

> an offer of settlement does not match this description. An offer of settlement does not use legal process; moreover, it is available even before filing a suit unlike, say, a subpoena or an interrogatory request. This suggests Washington would follow the majority approach.

*Raima*, 2012 U.S. Dist. LEXIS 176245, at *10-12. In *Raima*, the Court concluded that under Washington law, plaintiff did not state a claim for abuse of process merely by alleging that defendant offered to settle what plaintiff regarded as a frivolous claim. The Court granted defendant's motion to dismiss the abuse of process claim with prejudice.

In a nearly identical situation, Plaintiff submits that Defendant fails to state a claim for abuse of process, and cannot do so based on Plaintiff's filing of the copyright infringement lawsuit or even pursuit of settlement of claims related thereto. Accordingly, and for the same reasons set forth in *Raima*, Plaintiff submits that Defendant's counterclaim should be dismiss with prejudice.

C.   **Defendant's Affirmative Defenses Should be Stricken**

Federal Rule of Civil Procedure 8(c) requires a party, in responding to a pleading, to "affirmatively state any avoidance or affirmative defense," including enumerated affirmative

MOTION TO DISMISS COUNTERCLAIM - 5
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

defenses. FRCP 8(c). A court may, on the opposing party's motion, strike affirmative defenses under FRCP 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense and its factual basis. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957) (requiring notice of a claim and its factual basis)); FRCP 8(c). The majority of district courts in this circuit apply the *Twombly* and *Iqbal* plausibility requirements to affirmative defenses. *See, e.g., Hayden v. United States*, 2014 U.S. Dist. LEXIS 181251, at *6 (D. Or. Jan. 26, 2015); *Voltage Pictures*, 2015 U.S. Dist. LEXIS 169717, at *16-17; *Wheeler v. Wells Fargo Home Mortg., Inc.*, 2015 U.S. Dist. LEXIS 180864, at *4 (W.D. Wash. Mar. 6, 2015) (an affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id*.

Plaintiff assert that Defendant's affirmative defenses either are either insufficiently pleaded to provide fair notice of the defense or legally invalid under 8(c) and/or 12(f).

### 1. *Unclean hands*

Defendant's unclean hands defense also fails under either 8(c) and/or 12(f). An unclean hands defense requires plausible allegations of inequitable conduct relating to the subject matter of this action. *See Voltage Pictures*, 2015 U.S. Dist. LEXIS 169717, at *18 (requiring a factual basis for affirmative defenses); *Republic Molding Corp. v. B. W. Photo Util.*, 319 F.2d 347, 349 (9th Cir. 1963) (stating criteria for unclean hands defense). Uncleans hands requires the asserting

MOTION TO DISMISS COUNTERCLAIM - 6
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

party to have specific facts at the initiation of the litigation and is not "a search warrant authorizing the defendant to probe into all the possible types of inequitable conduct." *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F.Supp.2d 1105, 1109 (C.D. Cal., 2010).

Defendant's unclean hands defense does not include a single factual basis. Even if Defendant's accusation that "Plaintiff himself or his client and copyright holder has placed the [unlicensed] movie on the internet," (Dkt. 66, p. 5) were true—which it categorically is not—there is no evidence that doing so would form a recognizable legal basis for an unclean hands affirmative defense, given that Plaintiff's claim is that Defendant engaged in copyright infringement by downloading and/or distributing the copyrighted work without license. But more important for purposes of the present motion, Defendant admits that he "has no evidence to prove [the allegation]." (Id.) By Defendant's own admission, he fails to meet the requirement of having "specific facts" to make out a "plausible allegation" of inequitable conduct. Accordingly, Plaintiff respectfully submits that Defendant fails to state a plausible basis for unclean hands, and the affirmative defense should be stricken.

### 2. *Unjust Enrichment*

As noted above, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense. Defendant fails to identify any plausible factual basis for the defense of unjust enrichment. The only assertion made by Defendant is the bald allegation that Plaintiff "seeks to take advantage of the legal system and copy right laws to collect off lawsuits for copyright rather than promotion and enjoyment/enrichment of humans through viewing of the movie." (Dkt. 66, p. 6) But this provides absolutely no factual basis upon which an unjust enrichment could be found.

"Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 159, 810 P.2d 12 (1991). A claim for unjust enrichment has three elements:

MOTION TO DISMISS COUNTERCLAIM - 7
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(1) the defendant [or counter-defendant] receives a benefit, (2) the received benefit is at the plaintiff's [or counter-plaintiff's] expense, and (3) the circumstances make it unjust for the defendant [or counter-defendant] to retain the benefit without payment. *Young v. Young*, 164 Wn. 2d 477, 484-85 (2008); *Washington v. GEO Grp., Inc.*, 2018 U.S. Dist. LEXIS 32856, at *5-6 (W.D. Wash. 2018). Nothing in Defendant's affirmative defense alleges any factual or legal basis for why it would be unjust for Plaintiff to obtain a benefit (recovery) against copyright infringers for copyright infringement of its federally registered work. Accordingly, Plaintiff respectfully submits that Defendant fails to state a plausible basis for unjust enrichment, and the affirmative defense should be stricken.

### 3. *Assumption of Risk*

As noted above, an affirmative defense must give notice of the nature of the defense and provide a plausible factual basis for the defense. Defendant fails to identify any plausible factual basis for the defense of assumption of risk. The only assertion made by Defendant is to reassert the bald allegation that Plaintiff "[t]hrough a ghost or seemingly nonaffiliated third party [] placed his own [unlicensed] movie on the internet." As noted above, while this is categorically not true, there is no evidence that doing so would form a recognizable legal basis for an assumption of risk affirmative defense, given that Plaintiff's claim is that Defendant engaged in copyright infringement by downloading and/or distributing the copyrighted work without license. But more important for purposes of the present motion, Defendant admits that he "has no evidence to prove [the allegation]." (Dkt. 66, p. 5) By Defendant's own admission, he fails to meet the requirement of having "specific facts" to make out a "plausible allegation" of assumption of risk. Accordingly, Plaintiff respectfully submits that Defendant fails to state a plausible basis for assumption or risk, and the affirmative defense should be stricken.

MOTION TO DISMISS COUNTERCLAIM - 8
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES<sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### 4. *Misuse of Product*

Similarly, Defendant fails to identify any plausible factual basis for the defense of misuse of product. The only assertion made by Defendant is to reassert the bald allegation that Plaintiff "placed its [unlicensed] movie online to profit off its lawsuits." As noted above, while this is categorically not true, there is no evidence that doing so would form a recognizable legal basis for a misuse of product affirmative defense, given that Plaintiff's claim is that Defendant engaged in copyright infringement by downloading and/or distributing the copyrighted work without license. But more important for purposes of the present motion, Defendant admits that he "has no evidence to prove [the allegation]." (Dkt. 66, p. 5) By Defendant's own admission, he fails to meet the requirement of having "specific facts" to make out a "plausible allegation" of misuse of product. Accordingly, Plaintiff respectfully submits that Defendant fails to state a plausible basis for assumption or risk, and the affirmative defense should be stricken.

For the reasons set forth above, Plaintiff respectfully requests that Defendant's counterclaims be dismissed and his affirmative defenses stricken pursuant to FRCP 12(b)(6), 8(c) and/or 12(f).

RESPECTFULLY SUBMITTED June 7, 2018.

> s/ David A. Lowe, WSBA No. 24,453
> Lowe@LoweGrahamJones.com
> LOWE GRAHAM JONES<sup>PLLC</sup>
> 701 Fifth Avenue, Suite 4800
> Seattle, WA 98104
> T: 206.381.3300
>
> *Attorneys for Plaintiff*

MOTION TO DISMISS COUNTERCLAIM - 9
Civil Action No. 17-cv-1077RSL
INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and as follows via U.S. Mail:

> Jeremy Reeves
> 13305 SE 19th St.
> Vancouver, WA 98683

<u>s/ David A. Lowe</u>

MOTION TO DISMISS COUNTERCLAIM - 10

Civil Action No. 17-cv-1077RSL

INIP-6-0094P34 MOTDismiss (Reeves)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301